UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BETH STALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cv-00178-TAB-RLY |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Beth Staley's petition for attorney's fees under the Equal Access to Justice Act seeks an award of $13,718 for 72.2 hours calculated at an hourly rate of $190. The Commissioner opposes Staley's petition, arguing the requested award is unjust. The Commissioner argues the Court should reduce the requested EAJA award by 10.3 hours, reduce the hourly rate by $4.10, and pay the award directly to Staley, not to her counsel. Staley requested oral argument [Filing No. 46], but this is not necessary. Staley's EAJA fee request is reasonable, and for reasons explained below, the Court grants Staley's EAJA fee request. [Filing No. 39.]

**1. Staley's attorney's time was reasonably expended**

The Commissioner argues that 10.3 hours of the 72.2 hours of attorney time billed is excessive. The Commissioner contends that despite the routine nature of this case, Staley's attorney billed for abnormally large amounts of time. The Commissioner takes issue with three aspects of time expended by Staley's attorney: 22.6 hours to review the record and prepare the statement of facts, 25.3 hours to research and draft the opening brief, and 0.3 hours to prepare a

motion for an extension of time. The Commissioner asks that the Court reduce the number of hours spent on the briefs by 10 hours and to deny the 0.3 hours spent on the extension.

The Commissioner argues the Court should cut 10 hours off Staley's time billed in this case because hours over 60 are not permissible. For this proposition, the Commissioner relies on *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010), in which the court found that 40-60 hours falls within the "permissible range" of hours of attorney work. However, the *Schulten* court explained its finding does not suggest an award is reasonable (or unreasonable) simply because it is within this range. *Id.* *Schulten* does not stand for cutting off Staley's attorney's fees at 60 hours. To illustrate *Schulten*'s latter point, Staley points to *Buis v. Colvin*, No. 1:13-CV-00878-RLY, 2015 WL 6393937, at *9 (S.D. Ind. Oct. 22, 2015), in which the court found that 105.5 hours, well beyond 60 hours, of attorney time expended was reasonable under EAJA. In *Buis*, the court approved 45.05 hours for the opening brief and 25 hours for the reply brief, which it found were reasonable. *Id.* at *7-8.

Likewise, the Court will not reflexively cut off the hours billed in this case at 60 hours. The Commissioner makes much of the fact that record on appeal was *only* 781 pages, with *only* approximately 550 pages of medical evidence. But as Staley contends, 781 pages is not a small record. *See e.g., Townsend v. Colvin*, No. 2:12-CV-516-PRC, 2014 WL 6617641, at *2 (N.D. Ind. Nov. 18, 2014) ("a 653–page administrative record is by no means short"). "The difficulty with social security appeals lies … in the application of the law to the facts." *Id.* Staley agrees her attorney spent significant time working on the facts and going through the medical records. This time was critical to her success, because "in order to prevail, the Plaintiff must bring the evidence to the Court's attention." *Id.* In fact, Staley was allowed to file an oversized brief of 52

2

pages, of which, 24 pages consisted of the facts and procedural history.[1] Staley set forth a meaningful context to examine the issues set forth in her oversized brief. Staley raised four issues and the Commissioner fails to identify any factual or procedural background that Staley should have omitted. *See Hochgesang v. Colvin*, No. 1:14-CV-2044-DKL-RLY, 2015 WL 7288628, at *3 (S.D. Ind. Nov. 16, 2015) ("Defendant has failed to identify any weak argument that she thinks should not have been made."). A 60-hour ceiling does not exist, and the hours billed for reviewing the record and drafting the factual and procedural background are reasonable.

As for the 0.3 hours billed for the motion for an extension of time, the Court also finds it is reasonable. The Commissioner argues that courts have disallowed billing the Commissioner for time spent preparing a motion for extension of time. *Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871, at *2 (N.D. Ill. Feb. 3, 2004). However, courts have likewise approved fees for preparing a motion for an extension of time over the Commissioner's objection. *DeHart v. Colvin*, No. 1:12-CV-00861-MJD, 2013 WL 6730736, at *2 (S.D. Ind. Dec. 19, 2013). The results from case law differ because the amount of the EAJA fee award is a matter of the Court's discretion. *Buis*, 2015 WL 6393937, at *5. In this case, Staley requested only one extension of time and spent only 18 minutes to do so. The Commissioner takes no issue with the actual time spent on the motion. Compared to the 72.2 hours Staley's attorney billed for the case, this time is reasonably included in the EAJA fee award.

---

[1] Staley raised four issues in her opening brief, errors at step two, errors at step three, errors with the Residual Functional Capacity, and that the ALJ's ultimate finding was not supported by substantial evidence. The Commissioner argues these issues were not so complex or novel as to require such a long brief, but the Court approved an oversized brief and will not revisit the issue. [Filing No. 19.]

The Court thus finds that counsel for Staley expended a reasonable amount of time in this case. The discussion of facts and procedural background in the briefing was reasonable, as was the single request for an extension of time. Thus, Staley's EAJA fee award includes all 72.2 hours.

**2. Staley's attorney's billing rate should not be reduced**

The Commissioner argues that Staley's attorney's hourly rate of $190 should be reduced by $4.10 to more accurately reflect the prevailing market rate. The Commissioner contends that this reduction is necessary so that Staley's attorney's hourly rate is based on the midwest market, rather than the national market. However, the Commissioner admittedly points out that courts have used both national and regional markets, "without clear preference for either." *Seabron v. Astrue*, 11-C-1078, 2012 WL 1985681, at *4 (N.D. Ill. June 6, 2012). The Commissioner argues Staley nevertheless presented no evidence that fees based on the national market is more appropriate.

In reply, Staley points to *Smith v. Colvin*, No. 1:12-CV-320, 2013 WL 6148100, at *2 (N.D. Ind. Nov. 22, 2013), in which the Commissioner made a nearly identical argument—that fees should be calculated based on the "Midwest Urban" average, rather than the "All Urban" average, which was a $3.83 difference. In *Smith*, the court refused to reduce the requested hourly rate, finding it was unwarranted because the Seventh Circuit has no preference, other attorneys use the same calculation, and the amount was relatively nominal. *Id.* *Smith* is directly on point. Staley submits the affidavit of an Indianapolis attorney practicing Social Security law, which states that $190 is "below the hourly rates charged by Indianapolis attorneys of comparable skill, experience, and reputation," but it is an amount consistent with rates under EAJA. [Filing No. 39-3.] Moreover, the nominal difference of $4.10 does not make the

4

requested rate of $190 stand out as unreasonable. Thus, Staley's EAJA award is based on the hourly rate of $190.

**3. EAJA fees should be paid directly to Staley's attorney**

Staley asks the Court to make any EAJA fee award directly payable to her attorneys because Staley assigned any attorney fees and costs awarded to her attorneys. [Filing No. 39-4.] However, the Commissioner requests the Court to instead award fees directly to Staley "with the contingency that if counsel for Defendant can verify that Plaintiff owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney." [Filing No. 41, at ECF p. 7 (citation omitted).]

The type of contingency requested by the Commissioner is reasonable, as it is essentially a recitation of case law. "[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." Mathews-Sheets v. Astrue, 653 F.3d 560, 565 (7th Cir. 2011). The Commissioner seeks to suspend the decision of whether to award EAJA fees directly to counsel because she has not yet checked the status of any prior debts owed by Staley. However, the Commissioner provides no evidence that Staley has any prior debts. The Commissioner does not indicate when an inquiry of whether Staley has prior debts might happen. The approaches taken by the courts when fees are assigned and prior debts are unknown have not always been consistent.[2]  Seemingly, the most practical way to address this is to provide the Commissioner 70

---

[2] On one hand, courts have found that with evidence of an assignment and without evidence of a prior debt, EAJA fees are paid directly to counsel. *E.g., Southerland v. Colvin*, No. 1:14-CV-01177-TWP-MJD, 2016 WL 233613, at *2 (S.D. Ind. Jan. 19, 2016); *Strode v. Astrue*, No. 1:09-CV-64-WTL-TAB, 2011 WL 2731339, at *2 (S.D. Ind. July 13, 2011). Other decisions have found that despite an assignment, EAJA fees should be paid directly to plaintiff unless the Commissioner determines no pre-existing debt exists. *E.g., Ledbetter v. Colvin,* No. 1:13-cv-01173-SEB-TAB, 2015 WL 1885105, at *1 (Apr. 23, 2015).

days to investigate whether a debt is owed, issue a check, or to file an appeal. *See e.g., Ledbetter v. Colvin,* No. 1:13-cv-01173-SEB-TAB, 2015 WL 1885105, at *2 (Apr. 23, 2015) (providing the Commissioner 70 days to submit payment); *see also Orr v. Astrue*, No. 1:11-CV-01471-TWP-MJD, 2013 WL 1840471, at *3 (S.D. Ind. May 1, 2013) ("the Commissioner will be afforded a reasonable period of time after the fees have been awarded to the claimant to pay the fees directly to the claimant's attorney").

Staley writes extensively on whether the Court is authorized to disregard Staley's assignment. However, the Court need not go down this path. The Court is not awarding EAJA fees directly to Staley. Rather, the Court will offset the assignment to counsel if the Commissioner shows evidence of a pre-existing debt within the time allowed.

Accordingly, the Court grants Staley's petition for attorney's fees. [Filing No. 39.] Staley's counsel is awarded $15,846[3] in attorney's fees, to be paid directly to counsel within 70 days. If during this time the Commissioner discovers that Staley owes an outstanding debt to the government, the Commissioner should file a statement with the Court, along with supporting evidence of the debt, that the Commissioner will exercise the right of offset. Because the Court resolved the EAJA fee petition without addressing the novel issue of disregarding assignments, Staley's motion for oral argument [Filing No. 46] is denied.

Date: 5/18/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] Staley's petition originally requested $13,718 [Filing No. 39], but the Commissioner's challenge resulted in an additional 11.2 hours, amounting in an additional $2,128 [Filing No. 45, at ECF p. 20] in fees. The time spent preparing the reply brief is reasonable because it included three issues and extensively addressed the novel issue of whether the Court may disregard assignments. The EAJA fee award is thus increased to $15,846.

Distribution:

Emily Skutch Cohn
SOCIAL SECURITY ADMINISTRATION
emily.s.cohn@ssa.gov

Mahesha P. Subbaraman
SUBBARAMAN PLLC
mps@subblaw.com

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov